Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT C

for the

CENTRAL District of CALif

Southern Division

|  |  |  |
|---|---|---|
| **FILED** | | |
| CLERK, U.S. DISTRICT COURT | | |
| **JAN - 2 2024** | | |
| CENTRAL DISTRICT OF CALIFORNIA | | |
| BY:      rsm      **DEPUTY** | | |

DEBRA JENKINS

Case No. _____

*(to be filled in by the Clerk's Office)*

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

Jury Trial: *(check one)*  ☑ Yes    ☐ No

-v-

**2:24-CV-00330-HDV**

JUDGE CORMAC J. CARNEY

*Defendant(s)*
*(Write the full name of each defendant who is being sued.  If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.  Do not include addresses here.)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Non-Prisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files.  Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number.  A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

*Jenkins v. Judge Carney*

1

2 | Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)11

3

UNITED STATES DISTRICT COURT

4 For The

CENTRAL District of CALIFORNIA

5 SOUTHEREN Division

Plaintiff In Pro Se

6 DEBRA L. JENKINS

123 S, Figueroa St.

7 Los Angeles, CA 90012

Phone Number (323)542-0898

8 purementality74@gmail

9

| | |
|---|---|
| DEBRA LYNN JENKINS<br>non-prisoner 5626328<br><br>Plaintiff<br><br>v.<br><br>HONORABLE JUDGE COMARC J. CARNEY<br>Individual and his capacity as<br>Justice of the Federal Central District<br>Courts<br><br>Defendant | *Case No.:*<br><br>COMPLAINT FOR<br><br>1. VIOLATION OF<br>CONSTUTIONAL RIGHTS<br>(BIVENS v. SIX UNKNOWN(s)<br>NARCOTICS AGENTS, (1971)<br><br>2.PREJUDICIAL/JUDICIAL<br>MISCONDUCT(S)<br><br>3. 42 USC § 1983<br>VIOLATION OF<br>SUBSTANTIVE DUE PROCESS |

18

19

20 **Jurisdiction**

21 Jurisdiction exists pursuant 42 U.S.C. §1983 and violations of federal "clear and established"

22 constitutional law. Venue is proper in the Central District in that the events and conduct

23 complained of herein all occurred in the Central District.

24

25 *"It ain't the crime...but the cover-up"*

1

1

2                                    **COMPLAINT**

3   Plaintiff claims federal jurisdiction pursuant to Article III § (2) which extends the jurisdiction to

4   case arising under the U.S. Constitution.

5   I.    Plaintiff brings this complaint against Judge Cormac J. Carney, a Federal District officer,

6         pursuant to Title 28 U.S. Code § 1331, in claims arising from violation of federal

7         constitutional rights guarantee under the Fifth & Fourteenth Amendments to the U.S.

8         Constitution and redressable pursuant to Bivens v. Six Unknown Narcotics Agents, 403

9         U.S. 388, (1971).

10                                     **PARTIES**

11  II.   Debra L. Jenkins, (Plaintiff) is a natural adult resident of Los Angeles County, residing

12        at 123 S. Figueroa St, Los Angeles County.   Defendant is a Judge, Cormac J. Carney

13        (Judge Carney) presiding at United States Federal Central District in State of California.

14  III.  Plaintiff claims the defendant violated her constitutional rights of the Fifth by Judicial

15        absolutism that "is not a part of the American way of life." The odious doctrine that the

16        end justifies the means in our system for the administration of justice.

17  IV.   Plaintiff further alleges the defendant practiced prejudicial misconduct in the "falsification

18        of facts" of documents when inputting "Statement of Cause" to the public access portal.

19        The immediate dismissal of the pro per litigation, and "clerk error" to court access for

20        public viewing, conflated the issues to reflect plaintiff was filing a "breach of contract."

21        Which was untrue and arguably not a "clerk error." Judge Carney in this case reason as

22        action to dismiss was "statute of limitation," also false.

23

24                                                                        2 of 22

25                        *"It ain't the crime...but the cover-up"*

                                            2

*Jenkins v. Judge Carney*

V. Plaintiff seeks damages pursuant to Davis v. Passman 442 U.S. 228, 1979), a cause of action and damages remedy can be implied directly under the constitution when Due Process Clause of the Fifth Amendment is violated Cf. Bivens

## STATEMENT OF CAUSES

1. Plaintiff on the date(s) January 20, and March 4, of 2022 filed complaint(s) in pro se to Federal District Court, SC, Division, a grievance of §1983. "The practice of law is an occupation of common right." *Sim v. Ahems, 271 SW 720 (1925).* The complaint(s): Case #2:22-CV00170 and # 22:22-Cv-01281were to bring allegations of sexual misconduct against Los Angeles County, employees of the Police Department (specifically Officer Sgt. Frontier, Police-Long Beach) and Deputy Sheriffs, among others as defendants.

2. These allegations of sexual assault(s), (as so stated in the filing) were of on-going complaints which progressed into a sexual assault to plaintiff's body integrity, in her unconscious state, while in the custody of defendants; at municipal facility; after seized of the street, on false charges. May 13, 2019.

3. Upon receipt of the complaint of January filing, submitted on non-prisoner 15 form #00170 on February 28, 2022, Judge Carney orders "immediate dismissal" without holding a hearing for rebuttal.

4. The order for dismissal cites *Neitzke v Williams, 490 U.S. 319, 325 (1989).* § 1915(d), authorizes courts to dismiss an in forma pauperis claim if, inter alia, "the action is frivolous or malicious." Frivolous or malicious claims of sexual abuse, when documents constructed by alleged defendants (officers, county agencies, hospital staff) were in evidence?

*"It ain't the crime...but the cover-up"*

*Jenkins v. Judge Carney*

5. Carney's order further cites *Franklin v. Murphy 745 F.2d 1221, 1227-28 (9th Cir. 1984)* to further justify this dismissal of the case. Holding the actions "lack arguable substances in law or fact."

6. Plaintiff, in the complaint, was not asking to go to church; see *Franklin*. Nor did she seek to commit "malicious" acts against alleged defendants, by exposing their abuse.

7. Plaintiff amended; submitting the complaint again (#01281) This time filing on proper pleading paper, following Civil Procedures with a CV (60) request for pro se.

8. Upon receipt of second complaint, March 4, 2022, Judge Carney ruled "immediate dismissed" without notice to be heard on the merits of the issues.

9. Pursuant to Fuentes v. Shevin 407 U.S. 67 92 S. CT. 1983, 32 L. Ed. 2d 556 (1972). "The court could not of its own motion remove the [plaintiff] without giving him/her an opportunity to be heard." *Estate of Buchman 123 C.A. 2d 546: 267 P. 2d 731, (1954)*.

10. Plaintiff cites that Judicial Absolution is not a part of American way of life when all citizen of natural origin has "common rights" to Due Process and the opportunity to be heard in according with the laws of the court

11. And that there can be no sanction or penalty imposed upon one because of his exercise of such a Constitutional right, to the courts. Even those unrepresented. Whenever the claim of a party under the Constitution, laws, or treaties of the United States takes such a form that the judicial power is capable of acting upon it, then it has become a case. The term implies the existence of present or possible adverse parties whose contentions are submitted to the Court for adjudication.

12. This is exactly what occurred when Judge Carney failure to hold a hearing on the ruling of a "frivolous petition; with [for] no reasons or stated facts of law." The court has often recognized the constitutional stature of rights that, though not literally expressed in the document, are essential to due process of law in a fair adversary process. I

13. Plaintiff claims facts alleged support by the discovery documentation, showed no indication of a "voluntary" removal of the complaint.

*"It ain't the crime...but the cover-up"*

14. Nor was there a motion for dismissal made by defendants. Therefore, dismissing plaintiff's claims of sexual abuse by county staffers as "not having any serious purpose or value." So frivolous; violates plaintiff's right to U.S. Constitution's due process right as a citizen. Judge Carney "step-outside" his authority under oath of office to practice prejudicial and judicial misconduct(s) as a "favor" in a political relationship with the defendant(s) Los Angeles County employees, in plaintiff's case. In violation of court Code of Judicial Performance.

15. Pursuant to Davis v. Passman 442, U.S. 228 (1979) plaintiff relies on Bivens bring suit against a sitting Judge in an effort to redress damages in the harm of "malicious" action according to California Code and Procedures is a criminal act not to be honored by "judicial immunity" of a federal official obstruction/subverts facts relevant constitution rights to be heard, in accordance to the Fifth and Fourteenth amendment.

## COUNT 1
## VIOLATION OF CONSTUTIONAL RIGHTS
## (BIVENS v. SIX UNKNOWN(s)
## NARCOTICS AGENTS, (1971)

16. As relevant here, §1983 of Federal Bivens provides that:

"[e]very person who, under color of an statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United State or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action law, suit in equity, or other proper proceeding for redress.

*"It ain't the crime...but the cover-up"*

17. The first ten amendments of the Bill of Rights are self-explanatory. The Fifth Amendment says to the federal government that no one shall be "deprived of life, liberty or property without due process of law." Procedural due process includes the right to notice and opportunity to be heard at meaningful time and in a meaningful manner. Not arbitrary Judicial Absolutism, which is "not a part of the American way of life." Violations of any of the right described in these amendments gives rise to cause of action, both against state judges under Title 42 U.S.C. §1983 (Ku Klux Klan Act of 1871) arguably against federal judges in a Bivens action.

18. It is equally fundamental that the right to notice and the opportunity to be heard appears in the Fifth and Fourteenth amendments. Both guarantee due process when someone is denied the "life, liberty, or property. Due Process "must be granted at a meaningful time and in a meaningful manner." *Fuentes v. Shevin.*

19. Plaintiff alleges the Judge Carney's order of "immediate dismissal" allowed for no opportunity to present reasons as to why the proposed action should not be taken, or to oppose counter evidence. Which damaged plaintiff's ability to meaningfully understand and defend against the brutal violation suffered by county officials described within the two civil actions.

20. When plaintiff needing only the "preponderance of the evidence" to make arguable on its face as to the finding of "frivolous."

21. Judge Carney violates the rights of the plaintiff in his action of dismissing the case immediately "without notice or hearing," to remove her claims from the equality under the law to "his own adopted procedure" for filing pro se litigation.

22. That raises an appearance such litigators receive unequal treatment based on their indigence or lack of counsel.

23. Prior to the Civil War, there were few direct federal protections for individual rights against state infringements existed. Since Civil Right Act 0f 1866 amendments prevent state actors (Carney) from continuing to deprive American citizen of federally protection right. *Mitchum v. Foster, 407 U.S. 225, 240 (1972).*

*"It ain't the crime...but the cover-up"*

24. Plaintiff alleges the sanction (not to be heard) placed on her for not having the economic means to be "legally" represented is arguable "state-sanctioned" with pervasive disregard for the Fifth and Fourteenth Amendments guarantees to all citizens. *Monroe v. Pape, 365 U.S. 167, 174* (1961). Immediate Banishment from the courts for exposures of county misconduct (whistleblowing). "The most dangerous thing of an injured [pro se] party is to appeal to justice." (*Mitchum*)

25. The reenactment (1874) of the Klan Act of 1871 codified in the first section a federal cause of action in *Chapman v. Houston Welfare Rights Organization, 441 U.S. 600, 608, (1979)*

26. Plaintiff seeks cause of action against Judge Carney, who happens to be a Judge in violation of the right to bring grievances actionable under his jurisdiction "to guarantee the protections of federal rights, "1983 remedy...is in all events, supplementary to any remedy any State might have." *Owens v. Okure, 488 U.S. 235, 248 (1989).*

27. Plaintiff claims the action of the Judge Carney, done with willful intent of faithless corrupt dishonesty, in a partial manner, with oppressive acts of discrimination, shows malice to deprive access to the courts by immediate dismissal of the plaintiff rights to be equal under the laws.

28. A judge shall accord to "every person" who has a legal interest in a proceeding or that person's lawyer, the full right to be heard according to law; a judge shall not independently investigate facts in proceeding and shall consider only the evidence presented or facts that may be "properly" judicially noted.  The judge must dispose of judicial matters fairly. (*Cannon 3 of Judicial Ethics.*)

29. In *Noll v Carlson, 809 F.2d 1446 (9th Cir. 1987)* the court of appeal held that a pro se California prisoner was entitled to notice of his complaint deficiencies, and an opportunity to amend, before the court could dismiss and close a case. The purpose of this notice is to provide effective understating of court in trial pleadings.  In *Armstrong v. Rushing, 352 F.2d 836, 837(9th Cir. 1965)* the court showed that a pro se litigant bringing a civil rights suit in forma pauperis is entitled to five procedural protections

*"It ain't the crime...but the cover-up"*

a.  1. Process issued and served,

b.  2. Notice of motion thereafter made by defendant or court to
dismiss the complaint and the grounds therefor,

3. An opportunity to at least send a written memorandum in opposition to such a
motion.

c.  4. In case of dismissal, a statement of the grounds therefore, and;

d.  5. An opportunity to amend the complaint to overcome the deficiency unless it
clearly appears from the complaint that the deficiency cannot be overcome by
amending.

30. Plaintiff, though at the time of filing to the court, was not a prisoner the event brought
before the court happen when plaintiff was falsely imprisoned, and sexual assaulted
while in custody; as to reasoning for the 42 U.S. §1983 Judge Carney immediate
dismissed without notice or motioned by defendants' lawyers.

31. Many of the procedures of Judge Carney were followed, but not all five were granted
plaintiff until after judicial absolution was made in the closure of the case; in violation
of her constitutional rights. (see *Potter v Mcall, 433 F.2d 1087, 1088 (9th Cir. 1970)*
Because the district court did not follow several of them the dismissal was reserved
where a pro se litigant's civil rights were deemed violated.)

32. Judge Carney, in his order to dismiss refers to Franklin v. Murphy, one of Franklin's
cases was revered although many were dismissed as frivolous (preclude from going to
church). The one granted was because the court did not notify Franklin of the defects in
his pleadings and granted leave to amend the complaint. ID at 1230.

33. Does this Judge not research his decisions be determination of dismissal? Or was it the
"handiest" tool for the case in question of a pro se litigant.

34. Plaintiff alleges the undermining reached by Carney was to conveys the impression that
the issues of her §1983 was failure to state a claim giving an opportunity to refiling (for
with she did). Instead, in citing Franklin Judge Carney could banish the issues as
frivolous, in obstruct of the laws he is obligated to "dispute fairly."

*"It ain't the crime...but the cover-up"*

8

35. Under "power of judicial immunity" Judge Carney believed it was in his best interest to felicitate private goals in protection of the status-quo (perpetrators over the injury party desperately seeking justice.) Which is a violation of constitutional rights and Cannons Ethic of Judicial Performance.

36. Therefore, Bivens is the proper remedy against a judge who uses his position unethically or otherwise violates the judge's obligators of impartial conduct. The *invest* in the judge is to hear and determine, not to determine without a hearing. To provide absolution for the opposing party as a "favor" can be argued to be judicial and prejudicial misconduct(s).

## Count 2

### Prejudicial /Judicial Misconduct

37. "Under the color of State all people of the same state and facts may not be deprived of rights to which they are entitled under the Constitution by reason and virtue of their national citizenship" *Civil Rights Act of 1866*. This act was meant to provide a civil remedy for constitutional violations in civil suits.

38. Plaintiff alleges, Judge Carney, in this compliant, "falsification of facts" presents a "Fraud on the court." A criminal act under the shield of jurisdictional functions.

39. In relation to falsifying plaintiff's claim as a "breach of contract" dispute. Where in the "synopsis" portion of the online public access portals, the clerk has input data to describe allegations brought by plaintiff on CV22-0170 stated:

> "Defendant breached the contract by failing to complete the
> construction of the vessel in a timely manner, in
> accordance with the terms of contract."

40. The second order signed by the Judge where his staffer info entered, to be viewed in the public portal, only stated a "clerical error." Nothing of the sexual assault allegations depicted in the plaintiff's complaint.

9 of 22

*"It ain't the crime...but the cover-up"*

41. Plaintiff claims described within the filing as "Aggravated Sexual Assault." Nowhere was there any mention of a "vessel" to be constructed [or not]. The problem with falsification can have enormously detrimental impact on the litigation process.

42. Judge Carney committed an abuse of discretion and erred to the prejudice of [pro se litigant] by finding that there was a "breach of contract" dispute existed whereby plaintiff had not made claims to the incompletion of a "vessel" the judge 's claims of some "contract" is conduct that can be seen as prejudicial on the signing the consent to fraud the government; with fraudulent states of no relevant to the case; **perjury**.

43. A litigant faced with falsification by an opposing party or judge is left to seek remedies directly from the courts (and how is that working out for plaintiff). Falsification is a serious crime in most, if not all, jurisdictions,

44. "These offenses can involve (A) **the destruction, alteration, or fabrication of a substantial number of records, documents, or tangible objects; (B) involved the selection of any essential or especially probative record, document, or tangible object, to destroy or alter; or (C) was otherwise extensive in scope, planning, or preparation." The judge's decision to fabricate the evidence presents an undermining of the truth to the cause of actions stipulated in the original documents.**

45. false representation displaying Data entries of the facts caused Judge Carney to completely ignore all of plaintiff evidence. Which rightfully proved her case was not "frivolous." (Plaintiff at the time submitted "exhibits" in support of the allegations.)

46. Judge Carney "directed court personnel to 'engage' "in alterations of court records to show an "inappropriate" inconsistency in the record as to the original documents. results leaving adverse effect to a pro per litigant.

47. Judges "are responsible to the people alone because they may be called to account in the performance of their duties." Plaintiff claims the Judge Carney, in a willful and intentionally manner, altered Federal documents, for public view, to shield those Defendants (county officials) named within the complaints(s). Judges must be

10 of 22

*"It ain't the crime...but the cover-up"*

responsible to the people with whom he and hearing officers oversee legal matters in court or administrative proceedings.

48. Judges should not direct court personnel to engage in conduct on the judge's behalf or as the judge's representative when that conduct would contravene the Code if undertaken by the judge. (*Canons Code of Ethics and Performance)*

49. Judge Carney, therefore, steps outside his administrative responsibilities when personnel, on the "judge's behalf," are engaged in contravening the Code of conduct undertaken by the judge.

50. Plaintiff argues Judge Carney is in violation of administrative oversight authority when the judge directed the personnel to conduct that would contravene the Code. (*Code of Conduct for Judicial Employees*) In the undertaken to falsify documents for the public view, as to justify his criminal actions against the pro se litigants.

51. Judge Carney support for the concealment of facts lends his position to subvert the "proper" business of the court, result a prejudicial/judicial abuse of power.

52. Therein, holds reason as to why there is only a "clerical error" accounted for in the public review to dismiss and to conceal the facts in the case.

53. Plaintiff argues Judge Carney distorts the "public viewing" access portal as to the indigence of plaintiff inability to access PACER's online court portal; or so defendant assumed; Nailed it! The decision was wrong and suggests the error was negligent or even willful, evidence planted in bad faith; is no mistake.

54. California Penal Code § 134 PC makes it a crime to prepare false evidence with the intent to use it fraudulently in a legal proceeding. By dismissal of the case the false evidence was to be concealed as a favor of the cops' reputations. To not reveal more than a "clerical error". Not only does Judge Carney undermine the issues but also underestimated pro se "Esquire skills."

55. Plaintiff alleges the fraudulent documents recorded for public access, by the defendant and his staff, were to reflect the ruling, to be justified. To falsify public records as a

*"It ain't the crime...but the cover-up"*

judge is to "step outside" of his judicial adjudicative responsibilities. *(Cannons of Ethnic Performance. §3)*

56. In according with the *Complaints Against Judges Judicial Business 2020* "The number of complaints for 2020 was 1,284 of those 61percent received from inmates of the U.S. 54 percent are against district judges. Of those 507 were for misconduct." The plaintiff who has filed Performance Complaint of the matter, now sues Judges Carney. As such "low" Performances are often validated by other judges. Bivens is the remedy.

57. **In pursuant to California Penal Code – Section 132**. Every person who upon any trial, proceeding, inquiry, or investigation whatever, authorized or permitted by law, offers in evidence, as genuine or true, any book, paper, document, record, or their instrument in writing, knowing the same to have been forged or fraudulently altered or ante-dated, is guilty of felony.

58. Code 136. (1) "Malice" means an intent to vex, annoy, harm, or injure in any way another person, or to thwart or interfere in any manner with the orderly administration of justice. With one count each of offering a false or forged instrument for recordation (Pen. Code, § 115, subd. (a)) fn. 1 and perjury (§ 118).

59. Dismissal of the injured [plaintiff] party case(s) would have all those effects.

60. Plaintiff alleges the Judge Carney in reading of the complaint [now] has personal knowledge of the facts render within and should have applied this knowledge when displaying facts for the public portal for court research and review. Where in lines "fraud on the court." in directing personnel to distort the facts render in the original documents.

61. "This is to say that such conduct falls outside the realm of judicial function" in *McFarland v. State, 172 Neb. 251, 109 N.W. 2d 397 (1961),* where the judge was found to have collaborated with a criminal in fraudulent attempt aide the release of defendant by issuing a void writ of habeas corpus.

62. Then, sites Judge who refused to honor the fake document, was found to be a criminal. Judge could not appeal to high court (Nebraska) for judicial immunity as court sited

12 of 22

*"It ain't the crime...but the cover-up"*

12

*Jenkins v. Judge Carney*

"claims of immunity from criminal acts commit in bad faith has been "unequivocally" that the title of judge does not render to holder, immunity from responsibilities, when the act is criminal" per Supreme Court. (18 U.S. § 242).

63. Plaintiff alleges Judge Carney, in this action, practiced malicious act(s) of malice to give absolute to release opposing party, without notice or hearing (as a gift of sorts). This results in a favorable outcome for those with reputations and employment security. By dismissal of a pro se litigant claim, of State actions of Domestic Abuse, excessive force, all "under color of law" is a violation of plaintiff's Due Process.

64. Judge Carney, Cannot, in this Civil Rights action, claim judicial immunity when a criminal act is committed behind the judicial shield of the offices. Sometimes, it is not the character of the office but the character in low "moral turpitude" within that office.

65. Immunity is not granted for criminal acts in the defrauding of government through "falsification of facts" to the public view portal. (*Braatelien v. US 147 F. 2d @ 895 (1961)).*

66. Judge Carney, in respect to his duties, should show faith to, and maintain, professional competence in, the law and should not be swayed by political partisan interests, public clamor, or fear of criticism. (*Cannon 3(1).)*

67. Judge Carney in his role as a Federal District Judge "is to distribute the law without "fear or favor" (*U.S. Attorney General, Merrick Brain Garland (2022)*)

68. Plaintiff alleges Judge Carney in this case showed prejudicial misconduct in no respect for the professional aspects of his position when swayed by the issues of the plaintiffs §1983, to abandon decorum of "judicial processing" in the partialism of own his public persona. In his belief that "power of judicial immunity" would dismiss his fraud on the court. Therefore, having "no fear of criticism." Nor pro se, whistleblowers.

69. Plaintiff alleges Judge Carney further falsified evidence of the case. Where the dismissal order wrongfully states "None" in plaintiff's request for a trial. This is easily found in the "Prayer" of the last page #01281; plaintiff also made request for aid to counsel.

13 of 22

*"It ain't the crime...but the cover-up"*

13

70. Long story short: Judge Carney violates his oath to step outside his authority in "favor" for "friends" who rape. (see: Acosta v. Epstein).

71. The order further states that the matter in complaint #00170 had reached the Statute of Limitations. This, too, is another corrupt falsehood to justify dismissal of plaintiff's case.

72. According to the law signed, by Governor of California, on the date of October 6, 2021,

    a. "A claim arising out of an alleged sexual assault by a law enforcement officer (e.g. SGT. JAMES FRONTIER) that alleged assault occurred while the officer was employed by a law enforcement agency is exempted from all state and local government claim presentation requirements. *Cal. Civil Code 945.9(a)*

73. Plaintiff alleges that this is something Judge Carney should have known, as a sitting Chief Judicial official, at the time of the bill signing. And therefore, might have "engaged" his personnel to research the law before distorting and being dismissive of Rules of law.

74. All allegations within are of true facts arguable "preponderance of evidence" needed in a civil matter before the court.  And plaintiff mere request is be heard regarding the mental, economic, physical toll on an injured party seeking justice in a system where injustice counts fairly; for pro se litigants, witness as I am aware, in pro se. And to request Judge Carney be given a "ham sandwich" in the criminal case of his own judicial and prejudicial misconduct(s)

## 42 USC § 1983
### VIOLATION OF SUBSTANTIVE DUE PROCESS

75. Plaintiff brings forth the claim for damage against Cormac J. Carney, a sitting District Judge in his judicial and individual capacity under §1983 as so state under Bivens (1971). *Bivens* suits have been acknowledged by the Court as having more of a deterrence effect against federal officials from committing constitutional torts.

*"It ain't the crime...but the cover-up"*

*Jenkins v. Judge Carney*

76. This is chiefly because a *Bivens* suit is a personal suit against the official, and punitive damages are recoverable. The government is substituted for the defendant in FTCA cases, and the FTCA does not allow punitive damages. Thus, a *Bivens* defendant is at risk of personal liability, including punitive damages, while the government pays all damages in FTCA cases. Procedurally, a plaintiff is entitled to a [civil] trial in a *Bivens* action, but cases. *Carlson v. Green 446 U.S. 14 (1980) (Seven Amendment.)*

77. "A defendant may escape §1983 liability under the principle of qualified immunity, which shields state actors from civil liability unless their actions violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald, 457 U.S. 800, 818; (1982)* where the court held that petitioners were entitled to qualified immunity that would be defeated if they knew or reasonably should have known that the action violated plaintiff's constitutional rights or if the action was taken with malicious intention to cause a deprivation of respondent's constitutional rights.

78. Plaintiff had a cognizable interest under the Due Process Clause of the Fourteenth & Fifth (Seventh) Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, the conduct complained of earlier in this complaint.

79. The plaintiff in this action has been deprived of her Due Process in where Judge Carney has the "moral obligation" to not obstruct justice in the claims before him. Regardless of who/whom may be named. Plaintiff argues Judges Carney's practice obstructs justice when he applied judicial absolution of dismissal without notices or hearing.

80. A judge performing judicial functions enjoys absolute immunity and except when, denial of constitutional right violations. The FACT is there is no constitutional provision and not one statue which grants judicial immunity. Rather, it is the judges themselves who decide [they are walking on water] above the law. (*Immunity of State Judges Under the Federal Civil Rights Acts*)

15 of 22

*"It ain't the crime...but the cover-up"*

15

*Jenkins v. Judge Carney*

81. While the citizens struggle under the weight, of Judges for the rights they "are" guaranteed under the U.S. Constitution are "immediately dismissed (see US Constitution (1788)).

82. Ask the question: Is it a judicial function of a Federal District Judge to go beyond his authority in "falsification of the facts" due to his best friends named alleged in a complaint?

83. Where said judge then "immediately dismiss" with no notice or allow for memorandum to object, closes the case to conceal those allegations, before him. Then sites the horrendous actions by the friend, as "frivolous."

84. Possibly, obstructing all avenues of justice for the victim who is unable to present a civil defense without the fee to attain 'legal' counsel? Obviously, this question to those colleagues, [Judges] should he be given immunity from this conduct and Due Process be denied Plaintiff? The confliction was made "clear" in Civil Right Act 1866, "no man is (most Judges are) to be deny Due Process under the law." Or seat above that same law he distributes.

85. Is this the reason (4 Coke's 1607 doctrine) of how far "respect and confidence in the judiciary" the immunity doctrine has fallen?  Yes! (See "Koch" of today.)

86. Plaintiff makes valid claim for relief under §1983 of Bivens and Civil Right act of 1866 in which the Congress acted to proscribe criminal conduct by judges, of the times, as crimes. The enactment of immunity for judges under Lord Coke has swollen the heads of Kochs, current times

87. In Floyd v. Baker, the Supreme Court held that judges lack immunity from prosecution for violating constitutional rights under 18 U.S.C. §242 because Congress acted to preclude the pervasive infringements of the rights of the recent release Blacks of that era. There was no "absolute immunity" as a universal construct in 1866. It was obvious that the statute would open judges up to prosecution. So, the process now is in reverse to shield themselves from the public. Like Kings. In charge of Democracy? (Laughable: says, GW)

16 of 22

*"It ain't the crime...but the cover-up"*

*Jenkins v. Judge Carney*

88. Plaintiff argues the immunity conflicts with Due Process and the vintage of the court to silence the people right to be heard. A Judge is not the state's immunity and should be held to account by the people like other elected officials, appointed by those same citizens.

89. When the position of judiciary powers is not expected by the public, of which they serve to be important. Then those with the power to adjudicate matters before them can use it to wield retribution for calling out their many judicial faults; or those of their friends.

90. The appeals of such actions do not allow for compensation. The plaintiff may suffer irreparable injury from the judges' behavior incur the damages, (mental distress) for which appeal either way cannot make whole.

91. Plaintiff suffered Aggravated sexual assault(s) while unconscious by FRONTIER, over a ten-year span, commit while employed by Los Angeles County Police Department ("color of law") in accordance with state law "have no requirements" of local "stoppable." or statue limitations.

92. When the case became before Judge Carney it was to be "reviewed not determined" Judge was not to investigate the acts of Los Angeles County employees, nor to the concealed facts. Judge Carney found the allegations to be "frivolous" and immediately dismissed; exposures.

93. In doing so, FRONTIER's actions are confirmed by a "conceptual choice" in the obstruction of claims to sexual assault on plaintiff's, in the effort to seek redress; thereby granting absolution of silence. Without the courts plaintiff is left to the brutality of Carney and Officer FRONTIER.

94. Plaintiff alleges Judge Carney "knowingly and with malice of forethought upon recognition of the plaintiff's opposing party, in choice between the courts and his "obligations" did willful and intentional choose to step outside his jurisdiction of a judge to place the victim at risk to loss of Due Process. As a favor to opposing party.

17 of 22

*"It ain't the crime...but the cover-up"*

17

*Jenkins v. Judge Carney*

95. Judge Carney, in his position of authority, perpetrated abuse of the process in knowingly and with willful intent deprived plaintiff her constitutional right to a heard in an impartial hearing. Before falsifying court records, to ensure silence; for his friend.

96. Plaintiff pleas the tort of "judicial abuse process," with the effort to place fraudulent evidence into court record. A felony under CCP 132, and therefore, Judge Carney is not entitled to judicial immunity.

97. The judicial abuse process is when improper uses of civil or criminal legal procedure for an unintended, malicious, or perverse purpose. It is the malicious and deliberate misuse of "regularly" issued civil or criminal court process that is not justified by the underlying legal action.

98. Plaintiff was harmed by the actions of Judge Carny's prejudicial and judicial misconduct(s) and is justified in this pleading of facts, to damages as the actions of prejudicial misconduct taken were not in accordance with his judicial jurisdiction.

99. But an improper use of his position in a civil legal procedure of a judge's adjudicative responsibilities. To intentionally commit a malicious act, resulting in a perverse reaction. Which harmed the pro se litigant's ability to be heard in the accords of the laws.

Judge Carney inactions and lack of judicial clarity to take "preponderance of the evidence" of the Domestic violence alleged of the "friend" would continue.

100. After gaining reliable information (discovery documents in support of allegations of sexual assault of May 13, 2019) indicating a Los Angeles County employee has "contravened the rules of professional conduct' violates administrative responsibilities. As a judge concealing evidence of a crime facilitates misconduct of judicial performance; not cover under judicial immunity. (see: *McFarland*)

101. Plaintiff pleads Judge Carney dismiss her complaint in retaliation as representation of a political (Police Union) party for making a conceptual choice to file against his friend(s).

18 of 22

*"It ain't the crime...but the cover-up"*

18

102. Judge Carney fails to maintain a true record in his administrative duties in having personnel forge documents, constituting a judicial misuse of the process.

*103.* Should Judge Carny's clerk be harassed, she is allowed to sue for damages. But if that same judge destroys lives in retaliations of banishment processes of abuse, and there is no remedy for plaintiff?? Bevins is the remedy in civil law in the complaint so justified against describe aggravated conduct that besmirches the judiciary's reputation and prejudicial to the pro se litigant seeking justice at his hands.

*104.* "The pervasiveness of respondent's misconduct requires the highest condemnation and harshest sanctions" (*discipline case, Michigan Supreme Court, Judicial Tenure Commission (June 27, 2023).* The lack of plaintiff substantive Due Process gives Judges to the level of kings.

105. The irony of the criminal acts by Judge Carney is that with the pleading submit, plaintiff makes claim to the lack of probable cause in which officers of Los Angeles Police to seize her on the street, was to fabricate false charges of Armed Robbery.

106. Where in, Mc MAHON, lead officer on the May 2019 "kidnapping" of plaintiff, "photoshops" plaintiff into an array for line-up identification purposes. FRONITER AND CARNEY (Like Acosta v Epstein).

107. The aforementioned actions, of Judge Carney, along with other undisclosed behavior, shock the conscience, in that act of denial to a hearing, executed judicial and prejudicial misconducts, arguably shows a deliberate indifference to the rights of Plaintiff, with purpose solely to harm, by actions unrelated to any legitimate judicial administrative function or objective; other than banishment of plaintiff.

108. Plaintiff suffers from forms of abuse both, the Domestic Violence of FRONTIER in the physical, sexual, emotional, financial and psychological distress, over time. Arguably shows irreparable harm. Now, she suffers the "legalize violence" of Judge Carney's judicial abuse.

*"It ain't the crime...but the cover-up"*

*Jenkins v. Judge Carney*

109. The crimes of the Defendant(s) in this civil legal proceeding were intentionally, and knowingly set out to abuse "under color of law" does not entitle either to qualified or judicial immunities.

110. Judge Carney in dismissal of Plaintiff discovery claims, showed numerous confirmations by medical professionals of LAC-USC COUNTY Hospital, constructed and signed under county policy. To include the day in question, May 13, 2019, violated "clearly established statutory or constitutional rights of which a reasonable person would have known." to allow for a hearing on the merits.

111. Plaintiff gave Judge Carney documents showing, where she was "booked on fabricated evidence of Attempted Robbery (Cal Penal Code 211) to support lack of probable, claims of how FRONITER intentionally conspired to deprive a "pretrial detainee's" Constitution Substantive Due Process right; all for the purpose of sexual entertainment. Not a judicial function.

112. Judge Carney as a judicial officer of the court failed his obligative duties to apply the law, his obligation to improve the law, and obligation to protect the law. Instead, Judge Carney's only choice of obligation was only to his friend, in fraud upon the court.

113. Plaintiff alleges the "moral turpitude" of the Judge's behavior shocks the conscious of reason persons. Therefore, there should be reason for disbarment and removal of the long black rope without immunity for his crimes against plaintiff and the government.

114. As it appears the Judge has a problem distinguishing "right from wrong" and uses prejudicial concepts on citizens in a pro se rights to the court. Defendants' actions and omissions resulted in violations of Bivens, Civil Rights Act 1866 (Klan Act) of Plaintiff's constitutional rights under Fifth and Fourteenth Amendment, causing irreparable damages alleged earlier in this complaint.

115. Plaintiff argue Judge Carney actions, a direct and proximate cause of acts against her, suggest deprivation of her civil right to be free from unreasonable state sanction from sexual assault battery, sodomy, and "falsification of facts" increasing extreme and severe

*"It ain't the crime...but the cover-up"*

mental anguish resulting in pain including, isolation, humiliation and fear. (Intentional Emotional Distress)

116. The conduct of Judge Carney was willful, vicious, malicious, and sadistically narcissistic; with retaliatorily purposes is a violation of Due Process of the Fifth and Fourteenth Amendments.

117. Criminal acts of judicial "overreach" done with reckless disregarding for the obligation(s) a judge takes an oath to protect and defend and improve the laws of these United States. Judge Carney failures to secure the rights and interest of Plaintiff and favors a political relationship (Police Union) therefore warrants the imposition of exemplary and punitive damages against him in his individual capacity.

118. Judge Carney: To defame plaintiff as "frivolous, without purpose or value, lacking in pro se litigation ability when provided with "preponderance of evidence" in § 1983 civil matter, is possibly a new case. *(See Moss v. Giuliani (2023))*.

119. Plaintiff also seeks attorney fee under this claim. And therefore, Plaintiff seeks relief and judgment as follows:

*"It ain't the crime...but the cover-up"*

1

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in their favor and against Defendant Judge Cormac J. Carney, Federal District Southern Central Division inclusive, as follows:

1. For compensatory damages in the amount to be proven at trial;

2. For punitive damages against the individual defendant in an amount to be proven at trial;

3. For statutory penalties pursuant to the Causes of Action plead herein;

4. For Special Damages (Pain and Suffrage)

5. For reasonable costs of this suit and attorneys' fees; and

6. For such further other relief as the Court may deem just, proper, and appropriate.


DEMAND FOR A JURY TRIAL

PLAINTIFF hereby respectfully demands a jury trial.

Respectfully submitted,

By: DEBRA L JENKINS

Pro Se Litigant

Date: December 25, 2023

22 of 22

*"It ain't the crime...but the cover-up"*

22

<u>Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)</u>

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    Dec 25, 2023

Signature of Plaintiff    Debra Jenkins Pro Se Litigant.

Printed Name of Plaintiff    Debra Jenkins

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

|  | City | State | Zip Code |
|---|---|---|---|

Telephone Number

E-mail Address

This docket is current through 12/19/2023

*Evidence of judicial/prejudicial misconducts*

Today's Date: 12/26/2023
Source: U.S. District Court, Central District of California (Los Angeles)
To retrieve an updated version of this docket, click    UPDATE

| | |
|---|---|
| **Court:** | U.S. District Court, Central District of California (Los Angeles) |
| **Case Title:** | Debra L. Jenkins v. Los Angeles Police Depart. et al |
| **Case:** | 2:22-CV-00170 |
| **Judge:** | Judge Cormac J. Carney |
| **Date Filed:** | 01/07/2022 |
| **Date Closed/Terminated:** | 01/20/2022 |
| **Case Status:** | 194, CLOSED |

**SYNOPSIS INFORMATION** *Falsification of Facts*

| | |
|---|---|
| **Allegations:** | Defendant breached the contract by failing to complete the construction of the vessel in a timely manner in accordance with the terms of the contract. |
| **Damages:** | Compensatory damages, exemplary damages, fees and costs. |

**COMPLAINT (MANUALLY RETRIEVED)**      Original Image of this Document (PDF)

**CASE INFORMATION**

| | |
|---|---|
| **Case Number:** | 2:22CV00170 |
| **Referred To:** | Magistrate Judge John E. McDermott |
| **Jury Demand:** | None |
| **Nature of Suit:** | Civil Rights: Other Civil Rights (440) |
| **Key Nature of Suit:** | Civil Rights; Other Federal Civil Rights (110.45) |
| **Jurisdiction:** | Federal Question |
| **Cause:** | 42 USC 1983 Civil Rights Act |

**PARTICIPANT INFORMATION**      Expand All

**Debra L. Jenkins**

**Los Angeles Police Depart.**

**Sargent James Frontier**

**Sargent James Frontier**

**McMahon**

**McMahon**

**Garcia**

**Hom**



LT. Gillan

SGT. Valencia

City of Los Angeles County

Los Angeles County Hospital

## DOCKET PROCEEDINGS (4)

| Entry #: | Date: | Description: | |
|---|---|---|---|
| 5 | 01/20/2022 | ORDER by Judge Cormac J. Carney: Denying 2 REQUEST to Proceed In Forma Pauperis. This case is hereby DISMISSED immediately. (twdb) (Entered: 01/20/2022) | View / Add to request |
| 3 | 01/11/2022 | NOTICE OF ASSIGNMENT to District Judge Cormac J. Carney and referred to Magistrate Judge John E. McDermott. (lh) (Entered: 01/11/2022) | View / Add to request |
| 2 | 01/07/2022 | REQUEST to Waive Court Fees, filed by Plaintiff Debra L. Jenkins. (lh) (Entered: 01/11/2022) | View / Add to request |
| 1 | 01/07/2022 | COMPLAINT filed against Defendants City of Los Angeles County, James Frontier(individual capacity), James Frontier(official capacity), Garcia, Gillan((SN:35215), individual capacity), Gillan((SN:35215) official capacity), Hom, Los Angeles County Hospital, Los Angeles Police Depart., McMahon, McMahon, Valencia Case assigned to Judge Cormac J. Carney and referred to Magistrate Judge John E. McDermott. Filed by Plaintiff Debra L. Jenkins. (lh) (Entered: 01/11/2022) | View / Add to request |

**End of Document**

© 2023 Thomson Reuters. No claim to original U.S. Government Works.

 THOMSON REUTERS

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Debra Lynn Jenkins

PLAINTIFF(S)

v.

City of Los Angeles, County

DEFENDANT(S)

CASE NUMBER

2:22-cv-01281-CJC-JEM

**NOTICE OF CLERICAL ERROR**

You are hereby notified that due to a clerical error ☐ documents associated with the filing of the new action ☐ the following scanned document ☐ docket entry have/has been corrected as indicated below.

Title of scanned document: _____

Filed date: _____ Document Number(s): _____

☐ Incorrect case number _____ was assigned to this ☐ action ☐ document

☐ Case number has been corrected. The correct case number is _____

☐ Incorrect judge's initials were indicated on this ☐ action ☐ document . The correct judge's initials are: _____

☐ Incorrect magistrate judge's initials were indicated on this ☐ action ☐ document . The correct magistrate judge's initials are: _____ .

☐ Case has been reassigned from ☐ Judge ☐ Magistrate Judge _____ to

☐ Judge ☐ Magistrate Judge _____ . The initials of the new judge(s) are: _____

☐ Case was assigned to ☐ Western ☐ Southern ☐ Eastern division. Pursuant to General Order 21-01, the case has been reassigned to the ☐ Western ☐ Southern ☐ Eastern division. The former case number _____ has been reassigned to new case number _____ .

☐ Case title is corrected from _____ to _____

☐ Document has been re-numbered as document number _____

☐ Incorrect ☐ Filed Date ☐ Date of Document ☐ Date ENTERED on CM/ECF was stamped on the document. The correct date is _____ .

☐ Document is missing page number(s): _____

☐ To ensure proper routing of documents, all documents filed with the court must reflect the following case number and judge's initials: _____

☒ Other: The Certificate of Interested Parties at docket entry no. 4 was inadvertently filed in this case. Please disregard the entry.
↓ Ommissions of facts iN EVideNCE

CLERK, U.S. DISTRICT COURT

Date: February 28, 2022

By: J. Tillman 213.894.2672
Deputy Clerk

G-11 (03/21)                    NOTICE OF CLERICAL ERROR

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

**Debra L. Jenkins v City of Los Angeles**

Discovey of #01281

### List of Exhibits

A. Date: 05/25/19 Plaintiff complaint submitted to Los Angeles Police Dept.

B. Date: 10/03/19 Denial of Tort Claim Plaintiff submitted to City Attorney Mike Feuer

C. Date: 06/24/18 COUNTY Hospital Medical Confirmation of Sexual Assault

D. Date: 05/11/19 Booking Docs from Metropolitan Facility

E. Date: 04/30/18 COUNTY Hospital Medical Confirmation of Sexual Assault

F. Date: 05/13/19 COUNTY Hospital Medical Confirmation of Sexual Assault (Sheriff Med Staff)

G. Date: 02/22/19 Stipulation of Eviction (forced by Judge Long, Superior Court of California, Dept. 95)

H. Date: 08/27/18 Filing for Temporary Restraining Order hearing appt. 09/18/18.

I. Date: 08/24/18 Letter to hearing Judge Laura Horywitz, Dept. 245; Judge read and had the bailiff remove Plaintiff in tears.

J. Date: 10/10/19 Letter from Housing Authority of the City of Los Angeles; signed by Lula Eskander; informing Plaintiff of set meeting regarding termination of housing voucher.

K. Date: 05/13/19 Plaintiff's Grievance of Sexual Misconduct by LAPD; submitted to Sgt Fernandez holding Deputy @ Lynwood Facility (city detention center).

L. Date: 04/14/19 Ex Parte hearing granted by Judge Long then dismissed.

M. Date: 10/03/21 COUNTY Hospital Medical Confirmation of Sexual Assault

N. Date: 10/03/21 Peds Hub Forensic Evidence Collection appt. CANCELED; REYES & MARTINEZ were to escort Plaintiff 0600. Plaintiff was removed from property by Sheriff when at 0900 she asks to be escorted to the VIP unit of LAC+USC (COUNTY Medical facility).

O. Date: 10/08/21 Reply from HUD regarding assistant in the issues relied in this complaint.

P. Date: 8/19/10 COUNTY Hospital Medical Confirmation of Sexual Assault (first).

Q. Letter to Judicial Performance regarding Judge Cormac J. Carney "s possible falsifying Federal Documentation in violation of Bane Act. Preventing Jenkins from the courts.



The image is a "cryptic msg" left on wall of unit 301. Sargent FRONTIER's coercive threat. Frontier is a large male 6'5" 280-300lbs. Wears heavy vision glass. White Beard and Barber mustache. Has often stalked plaintiff. Rapes plaintiff while sleeping. Tommie Dies as building manager drugs plaintiff foods; there are more "messages." For years this was what plaintiff "faced" while conscious. "white"

Debra Lynn Jenkins
442 S. San Pedro St. Los
Angeles, CA 90013

Message-Id:<33494252@cacd.uscourts.gov>Subject:Activity in Case 2:22-cv-01281 -CJC-JEM Jenkins v. City of Los Angeles, County Notice of Reference to US Magistrate Judge (CV-25) optional html form Content-Type: texthtml

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

**\*NOTE**TO PUBLIC ACCESS U**SERS\*\*\***Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

Notice of Electronic Filing
The following transaction was entered on 2/28/2022 at 6:21 PM PST and filed on 2/28/2022

Case Name: Jenkins v. City of Los Angeles, County

Case Number: 2:22-cv-Ol 281 -CJC-JEM

Filer:

Document Number:

Docket Text:
NOTICE OF ASSIGNMENT to District Judge Cormac J. Carney and referred to Magistrate Judge John E. McDermott. (jtil)

2:22-cv-01281-C.JC-JEM Notice has been electronically mailed to:
2:22-cv-01281-CJC-JEM Notice has been delivered by First Class U. S. Mail or by other means
BY THE FILER to :
Debra Lynn Jenkins
442 S. San Pedro St.
Los Angeles CA 90013
US

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CASE NUMBER:

DEBRA LYNN JENKINS

PLAINTIFF(S)

2:22-cv-01281-CJC-JEM

V.

CITY OF LOS ANGELES, COUNTY , et al.

DEFENDANT(S).

**NOTICE OF JUDGE ASSIGNMENT AND REFERENCE TO A UNITED STATES MAGISTRATE JUDGE**

This case has been assigned to the calendar of the Honorable —Judge-Cormac-L-Car-ne=-U. S. District Judge, and referred to U. S. Magistrate Judge —JQhn-E,-MgDgnnQlE, who is authorized to consider preliminary matters and conduct all further hearings as may be appropriate or necessary. Thereafter, unless the Magistrate Judge determines that a trial is required, the Magistrate Judge shall prepare and file a report and recommendation regarding the disposition of this case, which may include proposed findings of fact, conclusions of law, and proposed written order or judgment, which shall be served on all parties. If the Magistrate Judge concludes that a trial is required, the Magistrate Judge shall so report to the District Judge.

Pursuant to Local Rule 5-4.1, all subsequent documents in this case must be filed electronically, unless exempted by Local Rule 5-4.2. Documents exempt from electronic filing pursuant to Local Rule 5-4.2(b), or presented by filer exempt from electronic filing pursuant to Local Rule 5-4.2(a), must be filed with the Clerk in paper at the following location:

Western Division
255 East Temple Street, Suite TS-134
Los Angeles, CA 90012

Please note that, pursuant to Local Rule 83-2.5, all matters must be called to the judge's attention by appropriate application or motion filed in compliance with the Court's Local Rules. Parties are not permitted to write letters to the judge.

Local Rule 83-2.4 requires that the Court must be notified within five (5) days of any address change. If mail directed by the clerk to your address of record is returned undelivered by the Post Office, and if the Court and opposing counsel are not notified in writting within five (5) days thereafter of your current address, the Court may dismiss the petition, with or without prejudice, for want of prosecution.

Clerk, U.S. District Court

Eebruary 28. 2022                    By Is/ Jeannine Tillman
Date                                 Deputy Clerk

---

NOTICE TO COUNSEL / PRO SE LITIGANT

The party who filed the case-initiating document in this case must serve a copy of this Notice on all parties served with the case-initiating document.

---

cv-25 (05/18)        NOTICE OF JUDGE ASSIGNMENT AND REFERENCE TO A UNITED STATES MAGISTRATE JUDGE

Donald Zimmerment
442 S. San Pedro St. Los
Angeles, CA 90013

Message-Id:<33497161@cacd.uscourts.gov>Subject:Activity in Case 2:22-cv-01281 -CJC-JEM Debra

Lynn Jenkins v. City of Los Angeles, County Order on Request to Proceed In Forma Pauperis with Declaration in Support (CV-60) Content-Type: text/html

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

**\*NOTE**TO PUBLIC ACCESS U**SERS\*\*\***Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

Notice of Electronic Filing
The following transaction was entered on 3/1/2022 at 10:57 AM PST and filed on 2/28/2022

| | |
|---|---|
| Case Name: | Debra Lynn Jenkins v. City of Los Angeles, County |
| Case Number: | -CJC-JEM |
| Filer: | |

WARNING: CASE CLOSED on 02/28/2022

Document Number: 6

Docket Text:
ORDER by Judge Cormac J. Carney: Denying [2] REQUEST to Proceed in Forma Pauperis with Declaration in Support (CV-60). This case is hereby DISMISSED immediately. MD JS-6, Case Terminated. (twdb)

2:22-cv-01281-CJC-JEM Notice has been electronically mailed to:
2:22-cv-01281-CJC-JEM Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :
Debra Lynn Jenkins
442 S. San Pedro St.
Los Angeles CA 90013
US

# JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Debra L. Jenkins,

CV 22-1281-CJC (JEM)

City of Los Angeles, et al.,                    PLAINTIFF(S)

ORDER RE REQUEST TO PROCEED
IN FORMA PAUPERIS

DEFENDANT(S)

IT IS ORDERED that the Request to Proceed In Forma Pauperis is hereby GRANTED.

_____          _____
Date                             United States Magistrate Judge

IT IS RECOMMENDED that the Request to Proceed In Forma Pauperis be DENIED for the following reason(s):

C] Inadequate showing of indigency ☐ District Court lacks jurisdiction ☒ Legally and/or factually patently frivolous C] Immunity as to

_____

Other: _____

_____

Comments:

Complaint is rambling, confused, largely unintelligible, and appears to reference a variety of separate incidents that took place well outside the statute of limitations. Lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Plaintiff is not entitled to proceed in forma pauperis. Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Similar complaint previously dismissed in CV 22-0170-CJC (JEM). Recommend immediate dismissal.

February 28, 2022                Is/ John E. McDermott

_____          _____
Date                             United States Magistrate Judge

IT IS ORDERED that the Request to Proceed In Forma Pauperis is hereby:

C] GRANTED

DENIED (see comments above). IT IS FURTHER ORDERED that:

C] Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed
☒ This case is hereby DISMISSED immediately.

☐ This case is hereby REMANDED to state court.

February 28, 2022
Date                             United States District Judge

cv-73(08/16)              ORDER RE REQUEST TO PROCEED IN FORMA PAUPERIS

Debra Jenkins
442 S. San Pedro St.
Los Angeles, CA 90013
e-mail: purementality74@gmail.com

Commission on Judicial Performance
455 Golden Gate Avenue,
Suite 14400
San Francisco, California 94102

To: Taninh Chanhchaleun
Cc: Mary H. Murguia          CASe

RE: Hon. Cormac J. Carney
Case # 2:22-CV-00170
Case # 2:22-CV-01281

Dear Taninh,

I, Debra L. Jenkins, wish to resubmit the enclosed complaint, with this brief statement of facts. Alone with the acknowledgment that if this complaint is successfully and the judge is proven to have engaged in misconduct or is disable, this procedure will not change the outcome of my case. I simply wish to be heard.

Canon 3. Of the performance code is "A judge shall perform the duties of judicial office impartially, competently, and diligently. That would include cases that may come against "Best Friends Forever (BFF)."

As of October 6, 2021, Cal. Civil Code 945.9(a) A claim arising out of an alleged sexual assault by a law enforcement officer if the alleged assault occurred while the officer was employed by a law enforcement agency is exempted from all state and local government claim presentation requirements.

Judge Cormac J. Carney has twice (January 20, 2022, and March 4, 2022) "immediately dismissed" plaintiff's request for Pro Se regarding sexual assault(s) by law enforcement. The injury occurred May 13, 2019, within a municipal detention center (while inmate is unconscious).

In the "impartial" Federal District Central Division for which Hon. Carney (is/was) Chief Justice, claims in reasoning for the plaintiff to be denied Pro Se request "statute of limitations." In his "synopsis" of the plaintiff's 22-CV-00170 allegations quote:

"Defendant breached the contract by failing to complete the construction of the vessel in a timely manner, in accordance with the terms contract."
Forged evidence

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; July 2022; All rights reserved.

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

PRESS FIRMLY TO SEAL

ESS FIRMLY TO SEAL

**PRIORITY MAIL ★**

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM:

FROM: Debra Jenkins
123 S. Figueroa 90012
Los Angeles, CA

TO: Western Div: Edward R.
Roybal Fed Bld + U.S. Courthouse
255 E. Temple ST
Los Angeles, Ca 90012

ATTN: Chief Justices
Judge Philip S. Gutierrez
or Clerk of the Court

FOR DOMESTIC AND INTERNATIONAL USE

Label 228, July 2013

**UNITED STATES POSTAL SERVICE**

Retail

US POSTAGE PAID
$9.65

Origin: 90017
12/29/23
0545690057-8

PRIORITY MAIL®

0 Lb 7.80 Oz

RDC 03

C032

EXPECTED DELIVERY DAY: 12/30/23

SHIP TO:
255 E TEMPLE ST
LOS ANGELES CA 90012-3332

USPS TRACKING® #

9505 5160 5403 3363 0992 61




